UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| RUTH A. SCHNELLE, | Case No. 6:15-cv-01961-JO |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**Jones, J.,**

Plaintiff Ruth Schnelle (plaintiff) seeks judicial review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Because the Commissioner's decision is supported by substantial evidence, the decision is **AFFIRMED**.

## PRIOR PROCEEDINGS

Plaintiff protectively filed an application for DIB on May 16, 2008. Admin. R. 185. Her application was denied initially and on reconsideration, and she requested a hearing before an

administrative law judge (ALJ). Admin. R. 121-24, 129-32. On January 20, 2011, a hearing was held before ALJ John Madden. Admin. R. 42. On February 18, 2011, ALJ Madden issued a decision finding plaintiff not disabled. Admin. R. 9-26. The Appeals Council denied plaintiff's request for review. Admin. R. 1-4.

Plaintiff requested review in this court and on May 2, 2013, Judge Hubel issued an Order of Remand based on the stipulation of the parties, reversing the ALJ's decision and remanding the case for further proceedings. Admin. R. 761-62. On remand, ALJ Kelly Wilson held an administrative hearing on April 22, 2015. Admin. R. 669. On June 22, 2015, ALJ Wilson issued a decision denying plaintiff's claim. Admin. R. 634-68. The Appeals Council denied review and the ALJ's decision became the final order of the Commissioner. Plaintiff now seeks review of that decision.

Plaintiff was born 1960 and was 50 years old on her date last insured, March 31, 2010. Admin. R. 20, 51. She completed high school and attended two years of college. Admin. R. 52-53. She has past work experience as a truck driver, a bottle washer, and a car deliverer. Admin. R. 147. Plaintiff alleges disability due to cervical and lumbar degenerative disc disease with radiculopathy after a cervical fusion, peripheral edema in the legs, fibromyalgia, morbid obesity, posttraumatic stress disorder, depressive disorder, and plantar fasciitis.

The ALJ performed the sequential analysis described in 20 C.F.R section 404.1520. At step one, she found plaintiff had not engaged in substantial gainful activity since her alleged onset date of May 1, 2005 through her date last insured of March 31, 2010. Admin. R. 639. At step two, the ALJ concluded plaintiff suffered the following severe impairments: morbid obesity, sleep apnea, degenerative disc disease of the cervical spine status-post fusion surgery, degenerative disc disease of the lumbar spine, hypertension with edema, depressive disorder, and

anxiety disorder. Admin. R. 639-40. At step three, the ALJ determined plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Admin. R. 643.

The ALJ next assessed plaintiff's residual functional capacity (RFC) and found that she retains the capacity to perform light work with the following limitations: she can lift and carry 20 pounds occasionally and 10 pounds frequently, and sit in 2-hour intervals for a total of at least 6 hours in an 8-hour workday; she can stand and/or walk in 30-minute intervals for up to 6 hours in an 8-hour workday; she can occasionally kneel, crouch, crawl, and climb ramps and stairs but cannot climb ladders, ropes, or scaffolds; she must avoid concentrated exposure to vibration, fumes, odors, gases, poor ventilation, and all exposure to hazards such as dangerous working machinery or unprotected heights; and she can perform simple tasks of reasoning level 1 to 3 in a low-stress job, defined as requiring only occasional decision making and occasionally adaptation to change that does not involve high-volume production pace, such as high-volume assembly line. Admin. R. 645.

At step four, the ALJ found plaintiff is unable to perform any of her past relevant work. Admin. R. 658. At step five, the ALJ found that plaintiff retained the RFC to perform jobs that exist in significant numbers in the national economy, including photo copy machine operator, office helper, and ticket seller. Admin. R. 659. The ALJ therefore concluded plaintiff was not disabled. Admin. R. 660.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); see also *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means

"more than a mere scintilla but less than a preponderance." *Bray v. Comm'r*, 554 F.3d 1219, 1222 (9th Cir. 2009). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. See *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; see also *Bray*, 554 F.3d at 1226.

## DISCUSSION

### I. Claims of Error

Plaintiff argues the Commissioner erred by (1) improperly evaluating the medical opinion evidence; and (2) rejecting her subjective symptom testimony.

### II. Medical Opinion Evidence

Plaintiff first argues that the ALJ erred in her evaluation of the medical opinion evidence. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*,

Page 4 – OPINION AND ORDER

81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

### 1. Treating Physician's Assistant Amy Scheer, PA-C

Plaintiff argues that the ALJ improperly rejected the opinion of treating physician's assistant Amy Scheer, PA-C. Ms. Scheer opined that plaintiff could not perform light or medium work due to her fibromyalgia. Admin. R. 582-83. She stated that plaintiff "may" be able to perform sedentary work. *Id.* As a physician's assistant, Ms. Scheer was an "other" medical source under the Regulations, and the ALJ was required to provide germane reasons for rejecting her opinion. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); 20 C.F.R. § 404.1513(d)(1).

Here, the ALJ noted that Ms. Scheer's opinion that plaintiff was limited by fibromyalgia was not supported by the medical record because plaintiff's fibromyalgia was not a medically determinable impairment. Admin. R. 640-41, 655. The ALJ may assign less weight to a medical opinion that is inconsistent with the overall medical record or unsupported by clinical findings. 20 C.F.R. § 404.1527(c)(4). Here, there appears to be no examination or clinical findings in the record to support a diagnosis of fibromyalgia. Further, the clinical findings in the record do not support such a diagnosis. For example, plaintiff exhibited fair to good range of motion on examination in February, 2007. Admin. R. 506. Ms. Scheer also noted that plaintiff was able to go grocery shopping and perform activities such as packing and lifting, which conflicts with her opinion that plaintiff was capable of very little standing and lifting. Admin. R. 582. On this record, it was reasonable for the ALJ to reject Ms. Scheer's opinion as inconsistent with the

overall record and unsupported by clinical findings. The ALJ provided germane reasons for rejecting Ms. Scheer's opinion. *Molina*, 674 F.3d at 1111.

### 2. Medical Expert Alexander White, M.D.

Plaintiff also argues that the ALJ erred by rejecting the opinion of testifying medical expert Alexander White, M.D. At the administrative hearing, Dr. White testified that plaintiff was restricted to sedentary work during the relevant period. Admin. R. 692. He stated that plaintiff's weight affected her degenerative disc disease and he expected someone with obesity to experience a greater degree of symptoms related to degenerative disc disease and to fibromyalgia. Admin. R. 693. Dr. White testified that plaintiff could be on her feet for at least four hours and sit for six hours, if given the option to get up every hour to move her joints "for five to ten minutes" before she sat again. Admin. R. 693-94, 696.

Plaintiff argues that the ALJ erred because he failed to acknowledge Dr. White's finding that plaintiff would need to move around when she stood up at her job. However, the ALJ considered Dr. White's testimony that "it was important for the claimant to move around and that it would be an 'injustice' to restrict [her] to a 'sedentary' job" and included this limitation in the RFC. Admin. R. 645-52. Specifically, the RFC limits plaintiff to light work with the limitation that plaintiff can sit for intervals of two hours, which allows for movement between intervals. Admin. R. 645. On this record, plaintiff has not shown that the ALJ rejected any of Dr. White's limitations, and the ALJ was therefore not required to provide legally sufficient reasons for rejecting Dr. White's opinion.

### 3. Examining Psychologist Robert Kruger, Ph.D.

Plaintiff next argues that the ALJ erred by rejecting the opinion of examining psychologist Robert Kruger, Ph.D. Dr. Kruger examined plaintiff once and wrote that she would

Page 6 – OPINION AND ORDER

likely perform tasks on an inconsistent basis if she were required to perform anything other than simple, repetitive tasks; if the tasks consisted of multiple stages or were complex in nature; or if she were under even a modicum of stress. Admin. R. 591.

The ALJ rejected Dr. Kruger's opinion, relying instead on the opinion of psychiatric expert Robert McDevitt, M.D., who opined that Dr. Kruger's conclusions were unsupported by the treatment record. Admin. R. 655-56. Dr. McDevitt testified that he saw no clinical evidence to support Dr. Kruger's finding of stress-related limitations. Admin. R. 712. The ALJ was therefore required to provide specific, legitimate reasons for rejecting Dr. Kruger's controverted medical opinion. *Bayliss*, 427 F.3d at 1216.

The ALJ noted that Dr. Kruger's conclusion regarding plaintiff's stress was not based on clinical findings. An ALJ may reject the opinion of a physician if it is brief, conclusory or it is not adequately supported by clinical findings. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Here, Dr. Kruger only examined plaintiff once, and was not able to observe her performance under stress. Further, as the ALJ noted, the record shows that plaintiff did well on psychiatric medications, was less stressed out and anxious, and saw significant improvement in her symptoms of depression and agitation. Admin. R. 559, 649-50. On this record, the ALJ reasonably concluded that Dr. Kruger's opinion that plaintiff would perform inconsistently when under a modicum of stress was not adequately supported by the medical record. The ALJ therefore provided a legally sufficient reason for rejecting Dr. Kruger's controverted opinion. *Thomas*, 278 F.3d at 957.

### 4. Treating Social Worker John Milnes, MSW

Plaintiff next argues that the ALJ improperly rejected the opinion of treating social worker John Milnes, MSW. Mr. Milnes began treating plaintiff in July, 2010. Admin. R. 633.

Page 7 – OPINION AND ORDER

In January, 2011, Mr. Milnes signed a letter authored by plaintiff's attorney, indicating plaintiff would have difficulty sustaining simple, routine tasks on a sustained basis. Admin. R. 627-28. He also opined that plaintiff would struggle in her interactions with coworkers and supervisors. Admin. R. 627-28. The ALJ assigned little weight to Mr. Milnes's opinion. Admin. R. 656.

As a clinical social worker, Ms. Milnes was an "other" medical source under the Regulations, and the ALJ was required to provide germane reasons for rejecting his opinion. *Molina*, 674 F.3d at 1111; 20 C.F.R. § 404.1513(d)(1). Here, the ALJ found that Mr. Milnes did not treat plaintiff until after her date last insured, and therefore lacked sufficient foundation to assess plaintiff's functioning during the relevant period. Admin. R. 656. The ALJ may disregard a medical opinion formulated outside of the relevant time period. *Turner v. Comm'r*, 613 F.3d 1217, 1224 (9th Cir. 2010). Because Mr. Milnes based his opinion on his interactions with plaintiff after the period under review, the ALJ was entitled to favor the opinion of Dr. McDevitt, who rendered his opinion based on the relevant period and assessed fewer and less severe limitations. In sum, the ALJ reasonably weighed the evidence and provided a germane reason for rejecting Mr. Milnes's opinion. The ALJ provided legally sufficient reason to support her evaluation of the medical record.

## II.    Plaintiff's Testimony

Plaintiff also argues that the ALJ erred by rejecting her subjective symptom testimony. The Ninth Circuit established two requirements for a claimant to present credible symptom testimony: the claimant must produce objective medical evidence of an impairment or impairments; and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton v. Bowen*, 799 F.2d 1403,

1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's testimony only if the ALJ provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). General assertions that the claimant's testimony is not credible are insufficient. Id. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834.

At the hearing, plaintiff testified that she suffered from constant pain in her back, neck, and shoulders, limiting her ability to perform household tasks. Admin. R. 71-73. She stated that she can perform tasks around the house for about 15 minutes before needing to stop. Admin. R. 76. She has difficulty walking and experiences pain if she stands or sits for very long. Admin. R. 684-85.

The ALJ rejected plaintiff's subjective symptom testimony to the extent that it conflicted with the RFC. Admin. R. 643-44. As a first reason for rejecting plaintiff's testimony, the ALJ found that plaintiff's activities of daily living were inconsistent with her allegations regarding the nature and extent of her limitations. *Id.* The ALJ may reject a claimant's testimony when it is inconsistent with her level of daily activity. *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ noted that plaintiff was able to perform daily activities such as preparing meals, reading, caring for her very energetic daughter, shopping, gardening, and using a lawnmower. Admin. R. 643-44. Plaintiff also reported that she spent "a lot of time" packing, lifting, and otherwise exerting herself when she moved. Admin. R. 574. Plaintiff's only complaint on examination after moving was heel pain, not musculoskeletal pain, suggesting that

Page 9 – OPINION AND ORDER

she was physically less limited than alleged despite her reported difficulties. Admin. R. 225-27, 574, 944. On this record, it was reasonable for the ALJ to infer that plaintiff was not as limited as alleged in her testimony. Plaintiff's activities therefore constitute a clear and convincing reason for rejecting her testimony. *Rollins*, 261 F.3d at 857.

Second, the ALJ found plaintiff's testimony was not credible because her condition improved with medication and conservative treatment. Admin. R. 649-50. Improvement with conservative treatment is grounds for discounting allegations of totally disabling pain. *Tommasetti v. Astrue,* 533 F.3d 1035, 1040 (9th Cir. 2008). Here, plaintiff reported improvement in her depression with medication, although she suffered from unpleasant side-effects including fatigue, anxiety, and depression. Admin. R. 558, 560, 573-74, 590-92. Plaintiff also experienced some improvement of her physical symptoms on Savella and with physical therapy, but continued to suffer from some pain. Admin. R. 487, 500, 503, 575, 578, 647. In March, 2008, however, plaintiff reported that her pain level was at 0 (on a scale of 10); and in June, 2010, she reported that her pain was well-controlled on medication. Admin. R. 491, 573, 648. Plaintiff also reported improvement following injections and neck surgery. Admin. R. 500, 506. This evidence supports the ALJ's finding that plaintiff was not as limited as alleged in her testimony, because her symptoms improved with treatment.[1] *Tommasetti,* 533 F.3d at 1040. In sum, the ALJ provided legally sufficient reasons supported by substantial evidence in the record for her credibility finding, and her decision is therefore affirmed.

/////

/////

---

[1] The ALJ also found that plaintiff failed to report and seek treatment for her sleep apnea. However, because plaintiff reported that she had difficulty paying for consistent care, any failure to seek treatment due to insolvency is not a clear and convincing reason for rejecting plaintiff's testimony.

Page 10 – OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED.

DATED this 27<sup>t</sup> day of Feb, 2017.

Robert E. Jones, Senior Judge
United States District Court